Paul Conable, OSB No. 975368
  Direct: 503.802.2188
  Email: paul.conable@tonkon.com
Danny Newman, OSB No. 200518
  Direct: 503.802.2089
  Email: danny.newman@tonkon.com
Paul Balmer, OSB No. 203429
  Direct: 503.802.5475
  Email: Paul.Balmer@tonkon.com
Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
Facsimile: 503.274.8779

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

(PORTLAND DIVISION)

| | |
|---|---|
| RUSTON PANABAKER, SHERI PANABAKER, JOHN J. HUTSON, JENNIFER L. HUTSON, DAVID T. JOHNSON, SUSANNA JOHNSON, ROBERTA THOMPSON, MATTHEW BERENSON, MARK D. TAYLOR, and PAULA BLANCHET,<br><br>    Plaintiffs,<br><br>    v.<br><br>CITY OF HOOD RIVER,<br><br>    Defendant. | Civil No. 03:24CV0901-<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER 42 U.S.C. § 1983**<br><br>**(Violation of Commerce Clause of US Constitution)** |

## NATURE OF THE ACTION

1. Prior to 2016, Plaintiffs purchased residential dwellings in the City of Hood River, Oregon. Hood River is a prime recreational area adjacent to the Columbia River and has a long history and custom of tourism and recreational use.

PAGE 1 – COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Each Plaintiff spends substantial time in Hood River themselves, but also decided to offer their dwelling as a vacation rental for families to use as a dwelling while on vacation in Hood River. This vacation rental use was lawful when each Plaintiff began the activity under the City's zoning code.

2. In 2016, the City of Hood River adopted Ordinance 2026 (the "Ordinance") that drastically re-wrote its zoning regulations to strip vacation rentals of their prior lawful status. The new ordinance required that *any* individual using their property as a short-term rental first prove residency in Hood River and also limited each property to be rented out only 90 nights a year.

3. As a further feature of the Ordinance, the City rewrote land use protections for preexisting lawful uses of land. Under the City's prior zoning ordinance, preexisting lawful uses of land were allowed to continue as "nonconforming uses" even when a new zoning ordinance subsequently rendered the land use unlawful. Ordinance 2026 denied nonconforming use status to nonresident owners of vacation rentals after an "amortization period" of seven years.

4. Importantly, however, all then-operating short-term rentals had seven years to come into compliance with all *then-applicable* regulations (i.e., regulations in effect in seven years later in 2023); the City of Hood River's ban on non-resident owners did not kick in until October 2023. The ban was further contingent on the City of Hood River making no further changes to its zoning ordinances between 2016 and 2023.

5. In October of 2023, the provision of the ordinance banning out-of-state property owners took effect. The City of Hood River thus stripped out-of-state property owners of their property rights.

6. As set forth below, the City of Hood River's policies and short-term rental regulations intentionally discriminate in favor of local owners and against out-of-state owners, unreasonably burden interstate commerce, and serve no

PAGE 2 –   COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

legitimate local purposes. Accordingly, they violate the Dormant Commerce Clause of the United States Constitution. Plaintiffs therefore bring this action pursuant to 42 U.S.C. § 1983 for declaratory and injunctive relief.

## JURISDICTION AND VENUE

7. The Court has subject-matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. 1331 (federal question) because Plaintiffs' claims arise under the United States Constitution and 42 U.S.C. § 1983.

8. The Court has personal jurisdiction over the City of Hood River because it is located in the State of Oregon.

9. Venue is appropriate in the District Court for the District of Oregon, as a substantial portion of the events complained of occurred and continue to occur in this district.

## PARTIES

10. Ruston and Sheri Panabaker (the "Panabakers") are Bellevue, Washington residents who split time between their home in Washington and real property they own at 1338 Lincoln Street, Hood River, OR. The Panabakers began renting their property for vacation home rental use in or around 2012 and they held a City of Hood River-issued short-term rental license until January 2024. The Panabakers purchased their Hood River property with the intention of renting it; the previous owners had built it to be a rental. The Panabakers desire to continue operating their vacation rental in Hood River and conducting business with Oregon residents, but cannot comply with the residency requirements that went into effect in 2023.

11. John J. Hutson and Jennifer L. Hutson (the "Hutsons") are residents of Santa Cruz, California who split time between their home in California and real property they own at 424 E 3rd Street, Hood River, OR. The Hutsons began renting their property in Hood River for vacation home rental use in or around 2012 and

PAGE 3 –   COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

they held a City of Hood River-issued short-term rental license until January 2024. The loss of rental income has been a financial hardship for the Hutsons, who desire to continue operating a vacation rental in Hood River and conducting business with Oregon residents, but cannot comply with the residency requirements that went into effect in October 2023.

12.     David T. Johnson and Susanna Johnson (the "Johnsons") are residents of Shoreline, Washington who split time between their home in Washington and real property they own at 903 Cascade Avenue, Hood River, OR. The Johnsons began renting their Hood River property for vacation home rental use in or around 2009 and they held a City of Hood River-issued short-term rental license until January 2024. The Johnsons desire to continue operating a vacation rental in Hood River and conducting business with Oregon residents, but cannot comply with the residency requirements that went into effect in 2023.

13.     Roberta Thompson is a resident of Santa Cruz, California who splits time between her home in California and real property she owns at 1807 Columbia Street, Hood River, OR. Thompson began renting her Hood River property for vacation home rental use in 2004 and she held a City of Hood River-issued short-term rental license until January 2024. Johnson desires to continue operating a vacation rental in Hood River and conducting business with Oregon residents, but cannot comply with the residency requirements that went into effect in 2023.

14.     Matthew Berenson is a resident of Anchorage, Alaska who also owns real property at 9 East State Street, Hood River, OR. Berenson began renting his Hood River property for vacation home rental use in or around 2009 and he held a City of Hood River-issued short-term rental license until January 2024. Berenson desires to continue operating a vacation rental in Hood River and conducting business with Oregon residents, but cannot comply with the residency requirements that went into effect in 2023.

PAGE 4 –   COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

15. Mark D. Taylor and Paula Blanchet are residents of Victoria, British Columbia, who split time between their home in Canada and real property they own at 1211 Columbia Street, Hood River, OR. They are the primary users of their Hood River property in spring and fall and normally operate the property as a vacation home rental in summer and winter. Taylor and Blanchet began renting their Hood River property for vacation rental use in the late 1990s and they held a City of Hood River-issued short- term rental license until January 2024. Taylor and Blanchet relied on the income they generated from the renting the property and desire to continue operating a vacation rental in Hood River and conducting business with Oregon residents, but cannot comply with the residency requirements that went into effect in 2023.

16. Defendant City of Hood River is a political subdivision of the State of Oregon and a municipal corporation organized under the laws of the State of Oregon and the Charter of the City of Hood River, subject to the jurisdiction and venue of this Court. At all material times, the City acted in its official capacity as a municipality chartered under the laws of the State of Oregon.

## FACTUAL ALLEGATIONS

17. Hood River property owners have used their properties as vacation rentals from a time when City zoning code and custom allowed the use without restriction. Plaintiffs conducted business with Oregon residents—regardless of where the property owners themselves actually lived—for decades. Plaintiffs complied with the City's addition of a license for short-term rentals ("STRs") beginning in 2016. However, their claims were unripe for adjudication until the 2023 effective date established what the "then existing" requirements of the City would be.

PAGE 5 – COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

18. Plaintiffs were aware of the history of vacation rentals in Hood River before purchasing the properties they now own in Hood River and relied on that lawfulness in making their decisions.

19. On September 12, 2016, the City of Hood River adopted Ordinance 2026 (the "Ordinance").

20. The Ordinance amended the City of Hood River's municipal code to make several changes concerning the regulation of vacation rentals in the City of Hood River's residential zones. Where residential zones previously allowed vacation rentals without restriction, the City re-wrote "residential" to create categories of "transient" use (less than 30 days) and "nontransient use" (month to month), and redefined "residential" to include only "nontransient use."

21. The Ordinance further required that all persons operating a vacation rental in Hood River to first obtain an STR operating license and comply with numerous operational requirements for STRs.

22. The Ordinance included, by way of example and not limitation, the following requirements:

  (a) Short-term rental of a property "is only permitted when it is an accessory use to the exiting and continued use of a dwelling as the primary residence of the property owner";

  (b) The property owner must provide "[p]roof of primary residence"; and

  (c) The use of a property as an STR "is limited to a total of ninety (90) days per calendar year."

23. Proof of primary residence at the STR address could be established by voter registration, an Oregon driver's license or state-issued Identification Card, or a copy of a federal income tax return showing Oregon as the primary address for the citizen. Hood River Municipal Code § 5.10.050(A)(2).

PAGE 6 –   COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

24. In the months leading up to the Ordinance's adoption, the Hood River City Council held several public hearings and work sessions regarding the contours of proposed STR restrictions. Those hearings were replete with testimony complaining about out-of-state individuals owning property in Hood River and operating STRs.

25. The Ordinance was intended to prevent out-of-state individuals from operating STRs in Hood River.

26. By its terms, the Ordinance took effect 30 days after adoption, on October 12, 2016.

27. However, the Ordinance specified that existing STRs (even if owned and operated by non-residents) "may continue as a legal nonconforming use" for certain amortization periods. STR license holders had five years to come into compliance with parking requirements and seven years to come into compliance with the rest of the STR regulations in the Ordinance. Hood River Municipal Code (HRMC) 17.04.115(D)(1)

28. Critically, the Ordinance provided that the specific regulations STR license holders needed to comply with in seven years' time were "the then-applicable provisions of this HRMC Title 17." HRMC 17.04.115(D)(1)(b).

29. In other words, the Ordinance contemplated that the STR regulations could change further between September 12, 2016 and October 13, 2023, and that owners need only comply with the rules in effect on October 13, 2023.

30. It was therefore unclear what STR regulations the City of Hood River would actually enforce in October 2023, because it was unknown what STR regulations would be "then-applicable" as of October 13, 2023. As such, claims were unripe for adjudication prior to October 13, 2023.

31. In the years after the City of Hood River adopted the Ordinance, it granted and renewed STR licenses to each of Plaintiffs, many of whom had been

PAGE 7 –   COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

renting their properties as vacation rentals for years before the adoption of the Ordinance and under a zoning code that allowed the use outright.

32. Still, the City of Hood River did not otherwise act to modify or change the STR license requirements the Ordinance established (though not yet in effect).

33. As a result, by October 13, 2023, all property owners intending to operate a vacation rental had to come into compliance with all requirements and changes imposed by the Ordinance seven years prior, including the owner in-state residency requirement.

34. Plaintiffs complied with all City requirements and regulations to operate vacation rentals as licensed STRs except the in-state residency requirement.

35. Plaintiffs used their City-granted STR licenses to conduct business with Oregon residents and derive income from that economic activity.

## FIRST CLAIM FOR RELIEF

### (Violation of Dormant Commerce Clause of US Constitution)

36. Plaintiffs incorporate by reference the foregoing paragraphs as if set forth in full.

37. The Commerce Clause of the United States Constitution states that "Congress shall have Power * * * [t]o regulate Commerce * * * among the several States." US Const. Art. I, § 8, cl 3. "Though phrased as a grant of regulatory power to Congress, the Clause has long been understood to have a 'negative' aspect that denies the States the power unjustifiably to discriminate against or burden the interstate flow of articles of commerce." *Oregon Waste Sys., Inc. v. Department of Envtl. Quality of State of Or.*, 511 US 93, 98 (1994).

38. Discrimination "means differential treatment of in-state and out-of-state economic interests that benefits the former and burdens the latter." *Rocky Mountain Farmers Union v. Corey*, 730 F.3d 1070, 1087 (9th Cir. 2013) (quoting

PAGE 8 –   COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

*Oregon Waste Sys.*, 511 US at 99). A statute is discriminatory if it "impose[s] commercial barriers or discriminate[s] against an article of commerce by reason of its origin or destination out of State." *C & A Carbone, Inc. v. Town of Clarkstown*, 511 US 383, 390 (1994).

39. Discrimination benefitting local users and consumers violates the Dormant Commerce Clause to the same extent as discrimination in favor of local producers. *New England Power Co. v. New Hampshire*, 455 US 331, 339 (1982).

40. Specifically, a local residency requirement for holders of STR licenses is unconstitutional because it "discriminates against interstate commerce for purposes of the dormant Commerce Clause." *Hignell-Stark v. City of New Orleans*, 46 F.4th 317, 326–328 (5th Cir. 2022).

41. The Ordinance prevents out-of-state residents who own real property in Hood River such as Plaintiffs from being able to obtain an STR license under any circumstances.

42. Year-round Hood River residents that wish to operate STRs and out-of-state property owners that wish to operate STRs are similarly situated in the economy: Both types of non-governmental property owners seek to compete in the market for lodging in Hood River's residential neighborhoods and want to offer the same services to the same potential customers.

43. The prohibition on out-of-state STR operators constitutes prima facie discrimination against residents of another state and therefore discriminates against interstate commerce.

44. The Ordinance also has a discriminatory purpose: the City of Hood River made no effort to conceal that it intended to prevent out-of-state STR owners from operating STRs while allowing year-round city residents to operate STRs.

45. This discriminatory treatment on its face is differential treatment of in-state and out-of-state economic interests; this differential treatment generally

PAGE 9 –   COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

benefits the former while burdening the latter. This burden is more than incidental; it is purposeful and complete.

46. Even if a local regulation is not discriminatory, it still violates the Dormant Commerce Clause if "the burden imposed on [interstate] commerce is clearly excessive in relation to the putative local benefits." *Pike v. Bruce Church, Inc.*, 397 US 137, 142 (1970).

47. The Ordinance does not serve its stated goals of increasing housing supply in Hood River, but directly undermines those goals by limiting the amount of housing options available.

48. Ample alternatives exist to achieve the City of Hood River's legitimate government purposes (if any) that do not facially discriminate against interstate commerce.

49. Plaintiffs are and will continue to be harmed by the Ordinance and its enforcement.

50. Plaintiffs seek an order declaring the Ordinance void and unconstitutional, on its face and seek an order permanently enjoining enforcement of the Ordinance for violation of the Dormant Commerce Clause of the United States Constitution.

51. Plaintiffs seek their reasonable attorney fees and costs pursuant to 42 U.S.C. §1988.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment in their favor and against the City of Hood River that:

A. Declares the Ordinance invalid and unenforceable because it:

   1. Violates the Dormant Commerce Clause by discriminating against interstate commerce; and

PAGE 10 – COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

    2. Violates the Dormant Commerce Clause by imposing an undue burden on interstate trade.

B. Issues a permanent injunction prohibiting the City of Hood River from taking further action to enforce or implement the Ordinance;

C. Awards Plaintiffs their costs, expenses, and disbursements, as well as their reasonable attorney fees pursuant to 42 U.S.C. § 1988; and

D. Grants other such relief as this Court deems just and equitable.

DATED: June 5, 2024.

TONKON TORP LLP

By: *s/Danny Newman*
    Paul Conable, OSB No. 975368
      Direct: 503.802.2188
      Email: paul.conable@tonkon.com
    Danny Newman, OSB No. 200518
      Direct: 503.802.2089
      Email: danny.newman@tonkon.com
    Paul Balmer, OSB No. 203429
      Direct: 503.802.5475
      Email: Paul.Balmer@tonkon.com

HEATHER A. BRANN PC

*s/Heather A. Brann*
Heather A. Brann, OSB No. 040495
    Direct: 503.490.6563
    Email: branns@earthlink.net
PO Box 11588
Portland OR, 97211

*Attorneys for Plaintiffs*

044002\00001\17205621v2

PAGE 11 – COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF